William P. Fletcher, Esq. Informal Opinion Town Attorney No. 96-47 Town of Mendon 9 Tobey Village Office Park Pittsford, New York 14534-1749
Dear Mr. Fletcher:
You have inquired whether the town board may establish an official town letterhead and have asked that we review the elements of a proposed policy for use of that letterhead.
In our view, the town board may establish an official town letterhead and a policy for its use. The town board is vested with the administrative and legislative powers of the town, may determine the rules of its own procedure, and may exercise powers that are specifically conferred and additional powers necessarily implied therefrom. Town Law §§ 60(1),63, 64(23). Also, towns and other local governments are authorized to enact local laws relating to their property, affairs or government. Municipal Home Rule Law § 10. In our view, the town board may utilize this authority to establish the official town letterhead and the policy for its use.
We believe that the proposed policy you have submitted to the town board is reasonable and does not deprive any officials of their rights to communicate with constituents. First, you propose that letterhead be used only by elected officials and the chairpersons of appointed boards, and only for purposes of town business. We believe it is reasonable to limit use of letterhead to persons in policy-making positions who have a need to communicate policy to the public. The restriction that letterhead be used only for town business obviously is appropriate and, in addition, is required by the constitutional prohibition against the use of resources by local governments for private purposes. N Y Const Art VIII § 1. The proposed policy that letterhead may not be used for personal matters also falls into the above category.
The proposed requirements that (1) an official not use town letterhead to create an impression of speaking for the municipality when that is not the case, and (2) that an official using town letterhead to represent a position taken by the town state his or her source of authority for the representation are reasonable. Only the town board can establish policy and it is appropriate that the board determine the means by which established policy is communicated to the public. The proposed policy does not prevent public officials with letterhead from communicating with the public regarding town business, except as noted above. Finally, we believe that the policy reasonably may require the filing of all official correspondence with the town clerk, who would then circulate it to all elected and appointed officials. Correspondence that relates to town business is in the public domain and, therefore, may also be circulated to officials of the municipality.
We conclude that the town board may establish an official letterhead and a policy for its use by town officials.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions